FILED
SUPERIOR COURT
OF GUAM

2022 JUN 14 PM 4: 38

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ANTHONY JOSEPH MUNOZ DUENAS, <br><br> Petitioner, <br><br> vs. <br><br> JOSEPH S. CARBULLIDO, <br> Director Department of Corrections, In his <br> Own personal and Individual capacity, <br><br> Respondent. | **Superior Court Case No. <u>SP0043-22</u>** <br><br><br> **DECISION AND ORDER <br> RE <br> PETITION FOR WRIT OF HABEAS <br> CORPUS** |

The Court here considers Petitioner Anthony Joseph Munoz Duenas' five grounds for relief in his Petition for Writ of Habeas Corpus. Upon examination of the applicable law, the record, and Duenas' arguments, the Court DENIES the Petition.

### I. <u>PROCEDURAL BACKGROUND</u>

On October 11, 1984, in *People v. Duenas*, 61F-84, Duenas pled guilty to Murder and Possession and Use of a Deadly Weapon During the Commission of a Felony. In his Plea Agreement in 61F-84, Duenas agreed to serve life imprisonment for the offense of Murder and five years plus three years of special parole for the offense of Possession and Use of a Deadly Weapon During the Commission of a Felony. Pet. Writ Habeas Corpus, Ex. A (Apr. 6, 2022). He agreed he shall not be eligible for parole, probation, or work release programs for the first five



years of his confinement. The five-year sentence was to be served first, followed by the sentence of life imprisonment. *Id.*

On May 9, 1991, in *People v. Duenas*, CF0138-90, Duenas pled guilty to Felony Escape. Under the Plea Agreement in CF0138-90, Duenas agreed to serve two years of incarceration. *Id.* The sentence ran consecutively to the sentence in 61F-84.

Duenas has applied for parole numerous times. The parole board denied his applications on October 26, 2006; August 28, 2008; August 27, 2009; August 26, 2010; June 28, 2012; April 24, 2014; November 21, 2016; and October 11, 2018. *Id.*, Ex. D.

Duenas now petitions for a Writ of Habeas Corpus.

## II.    LAW AND DISCUSSION

Duenas raises five grounds for relief. First, Duenas contends that Public Law 34-28, regarding the postponement of parole applications, would violate the *ex post facto* clauses of the United States Constitution and the Organic Act of Guam if applied to someone whose offense predates the statute. Second, Duenas contends that he has been punished twice for the same offense, as the sentence he is serving is nearly double the minimum sentence for the offenses for which he was convicted. Third, Duenas contends that the Guam Parole Board engaged in disparate treatment,[1] as similarly situated individuals before or after him were granted parole, while his requests continued to be denied. Fourth, Duenas argues that he has met the Guam Parole Standards Governing Release on Parole under § 80.76, and his continued denial is a restraint on his liberty interest. Fifth, Duenas contends that the Guam Parole Board has engaged in a continuing wrong in its application of 9 GCA § 80.76(a)(5), which requires the Guam Parole

---

[1] Duenas uses the term "disparagement" to refer to his allegations that he is being treated differently than similarly situated individuals. The Court understands that his argument is actually one of "disparate treatment" and will analyze his arguments as such.

ORIGINAL

Board to consider whether an individual is likely to lead a law-abiding life as one of several factors which must be met for parole to be granted.

## A. *Ex Post Facto*

Under the Organic Act of Guam, "No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted." 42 USC § 1421b(j). *Ex post facto* laws impose punishment for an act that was not punishable when it was committed or impose additional punishment to what has been prescribed by existing law. U.S. Const. Art. I, § 10; *Weaver v. Graham*, 450 U.S. 24, 28 (1981).

Enacted in 2017, Public Law 34-28 amended 9 GCA § 80.72 to state that if the Parole Board has denied a violent offender parole for two consecutive years, the Board shall set the next consideration four years from the date of the previous consideration and the offender shall not be eligible for parole again for at least four years after the date of the last denial of parole.

As Duenas is a violent offender, Public Law 34-28 could potentially affect the frequency in which Duenas may be considered for parole. However, this Public Law does not impose additional punishment on Duenas because he has not been denied parole for two consecutive years since 2010—before this law was enacted. The last two times that Duenas applied for parole and was ultimately denied occurred in 2016 and 2018. Pet. Writ Habeas Corpus Ex. E. Because these denials were not consecutive, the restrictions that Public Law 34-28 places on individuals who have been denied parole for two consecutive years do not apply to Duenas.

The Court also addresses Duenas' caselaw. Duenas cites many cases supporting his petition, but only two are relevant. First, in *California Dept. of Corrections v. Morales*, the U.S. Supreme Court reviewed whether the California Board of Prison Terms violated the *ex post facto*

ORIGINAL

clause when applying a statutory amendment that "decrease[d] the frequency of parole suitability hearings. . . [for] prisoners who committed their crimes before it was enacted. . ." 514 U.S. 499, 501–02 (1995). The court, however, ruled that "the amendment creates only the most speculative and attenuated possibility of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold that might be established under the Clause." *Id.* at 500.

Duenas argues similarly that Public Law 34-28 prolongs his imprisonment by decreasing the number of times he can apply for parole after being denied for two consecutive years. Guam's Public Law 34-28 and California's amended law both prevent consecutive parole hearings based on certain circumstances. Also, in both cases, the prisoners' sentences cannot necessarily be increased after a parole denial because they both serve indeterminate sentences—Duenas serving life imprisonment and Morales serving fifteen years to life.

Duenas' second cited case, Garner *v. Jones*, 529 U.S. 244, 255 (2000), is also pertinent. There, the respondent was imprisoned for murder and escape. When the respondent committed his second offense, the parole board's rule required that reconsiderations for parole occur every three years. Acting pursuant to statutory authority, the board subsequently extended the reconsideration period to at least every eight years, which it did in the respondent's case after citing his multiple offenses and the circumstances and nature of his second offense. The respondent sued, claiming that the retroactive application of the amended rule violated the *ex post facto* clause. The U.S. Supreme Court determined that the parole board had the discretion to reconsider parole more frequently than the maximum time allowed and that its policies permitted expedited parole reviews if warranted.


ORIGINAL

In essence, these cases hold that the possibility of deferring parole hearings does not equate to an increased sentence. Both parole boards exercised their discretion and stated their reasons for denying parole, such as the severity and multitude of the inmates' crimes. Here, as in those cases, Duenas has failed to show that Public Law 34-28 imposed additional punishment on him or that the parole board has violated the *ex post facto* clause in deferring its consideration.

### B.  Excessive Confinement

In Duenas' second ground for relief, he argues that he has been excessively confined when serving nearly double the minimum sentence for which he was convicted. He claims that he served his total mandatory minimum sentence of twenty-two years by 2006.

However, serving the mandatory minimum sentence required for parole eligibility does not entitle Duenas to parole when there are additional reasons the Guam Parole Board had for denying his requests. Under 9 GCA § 80.70, the Territorial Parole Board has jurisdiction over decisions regarding releasing prisoners on parole. In *People v. Alisasis*, 2006 Guam 9, the Guam Supreme Court reinforced this discretion. While Alisasis was eligible for parole after serving two years of incarceration under his original three-year sentence, the Territorial Parole Board retains the discretion to grant or deny parole release, where denial would result in serving the entire original sentence. *Id.* ¶ 19, n.9. Applying this reasoning, the Court determines that Duenas has not been excessively confined based on how much prison time he has served. Every time he was denied parole, he would continue serving his original life imprisonment sentence. Therefore, Duenas' ground for relief fails on the merits.

### C.  Disparate Treatment

Next, Duenas argues that he has been subjected to disparate treatment, as the Guam

ORIGINAL

Parole Board had granted parole to similarly situated individuals before and after his requests. Pet. Writ Habeas Corpus at 8. Duenas cites *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 435 (1985), and *Village of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000), in support. However, even though both cases cited address equal protection under the Fourteenth Amendment, they do not address Duenas' ground for relief regarding disparate treatment. They also relate to zoning and easement issues--not parole eligibility for an inmate sentenced to life imprisonment for murder.

Despite Duenas' cited caselaw lacking a strong relation to disparate treatment of prisoners, other caselaw exists. In *Scott v. Dennison*, 739 F. Supp. 2d 342, 362 (W.D.N.Y. 2010), the petitioner alleged disparate treatment when the parole board denied his request for parole as a violent felon but may have granted it to a non-violent felon. In denying his petition and finding that the parole board did not violate his Fourteenth Amendment right to equal protection, the court reasoned that even where disparate treatment exists, "any alleged disparate treatment of violent felons by the Parole Board has a rational basis, that is, the prevention of the release of potentially violent felons into the community." *Id.* at 363.

Like the petitioner in *Scott*, Duenas failed to present evidence of the Parole Board granting similarly situated inmates (those with a similar criminal history and life sentence) parole. It is not enough for Duenas to say that the Guam Parole Board granted parole in preceding or subsequent cases without proving that those inmates are under similar circumstances as him. For these reasons, Duenas fails on the merits of his disparate treatment claim.

Lastly, Duenas points to a "kinship"-- his victim is the sibling of Chief Parole Officer

ORIGINAL

Michael Paulino Quinata. However, the Guam Parole Board--not the Chief Parole Officer--ultimately decided whether to grant parole. Further, Quinata was not present at any of the eight Parole Board meetings where Duenas was denied parole. Pet. Writ Habeas Corpus, Ex. E.

### D. Liberty Interest

On his fourth ground for relief, Duenas argues that the Guam Parole Board deprived him of his liberty through continued excessive confinement despite meeting the standards governing release on parole, 9 GCA § 80.76. He reasons that he met these standards through good conduct, engagement in education and training at DOC, and completion of the mandatory twenty-two-year sentence.

The Court construes a statute's plain language to determine whether the inmate has a "legitimate statutory or constitutional entitlement" to parole. *People of Guam v. Hall*, 2004 Guam 12 ¶ 30. Section 80.76 does not contain explicit language that grants inmates parole once they have met the statutory standards. Instead, the listing of standards governs how the Guam Parole Board bases its consideration to release a prisoner on parole. Furthermore, the statutory language states that the board shall order release if it is of the opinion that the prisoner meets the relevant criteria for release.

While maintaining good conduct and acquiring skills and training through the institution's programs are commendable, there are numerous other factors considered by the Parole Board when using its discretion as to whether parole should be granted. Because the Parole Board, in its discretion, determined that Duenas did not meet the criteria, he is not entitled to parole. Even more importantly, Duenas is serving life imprisonment--not a twenty-two-year

sentence. As mentioned earlier, completing the mandatory sentence before applying for parole does not automatically entitle Duenas to parole release.

### E. Continuing Wrong

On his last ground for relief, Duenas asserts that a continuing wrong has existed since the Guam Parole Board denied his parole request in 2008. He claims that even though he acquired forty-one certificates of training and/or program completion before this 2008 denial, the Guam Parole denied his request because it believed that Duenas could benefit from further correctional treatment, medical care or vocational training or other training in the institution before being released on parole. Pet. Writ Habeas Corpus Exhibits at 78.

However, according to the record, despite Duenas' continued treatment and training since 1986, the Guam Parole Board denied Duenas' request based on other factors. Even if he were to successfully argue that he met the requirement for continued treatment and training under Section 80.76, this ground for relief still fails because "continuing wrong" is a doctrine that involves the accrual of a tort law cause of action and is not a cognizable legal theory for *habeas* relief. *See Gayle v. Hemlani*, 2000 Guam 25 ¶ 33.

## III.    CONCLUSION

In summary, all five grounds for relief that Duenas offers in his petition fail on their merits. Thus, the Court DENIES Duenas' Petition for Writ of Habeas Corpus.

Duenas' outstanding motion for the appointment of counsel is now moot.

SO ORDERED this 14th day of June 2022.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:
AG'S

JUN 14 2022    Date:    Time: 5:21 p.m.,
Edna M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL

RECEIVED

Print Name

Sign.

6/14/22
Date